*14 OPINION.
Phillips :
It is conceded by the Commissioner that the stock exchange seats were partnership assets, and there does not appear to be any question concerning the values used, which affected all the partners and were arrived at by agreement between them. The Commissioner contends, however, that the distribution of the seats to the partners upon the termination of the partnership resulted in no profit or loss which is deductible by the partnership.
Under the Revenue Act of 1917, partnerships are made subject to an excess-profits tax, and, for the purpose of that tax, are treated as legal entities. A partnership is entitled to the same deductions as are allowed to individuals, and when the partnership took these seats as a contribution to its capital at their market value at that *15 time, with the agreement that the seats were to revert to the owners thereof at the termination of the partnership at their then market value, and such agreement is carried out, the difference between the value at which they come into the partnership and the value at which the partnership disposes of them under the agreement is a loss or a gain, for the purpose of computing the income of the partnership as well as for an accounting between the partners themselves.
There is no intention in this opinion to hold that a profit or loss results to a partnership or corporation from the distribution of its assets in kind upon liquidation. Here we have an agreement which provides, in effect, that the seat shall be purchased by the partnership on organization and sold by it at the time of dissolution. The profit or loss from the transaction arises out of the performance of the agreement and has no relation to the dissolution of the partnership. The profit or loss arising out of the agreement is to be computed in the same manner, whether the agreement is to be carried out on the date of dissolution or on some other date.
The deficiencies should be redetermined by allowing as deductions the losses claimed.
Order of redetermination will he entered on 10 days' notice, under Rule 50.
On reference to the Board, James dissents.